Opinion issued July 19, 2007 







 





In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00777-CR

____________


ROBERTO CARLOS CRUZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court 

 Harris County, Texas

Trial Court Cause No. 1063003






MEMORANDUM OPINION (1)

 Appellant, Roberto Carlos Cruz, pleaded guilty to the offense of sexual assault
of child, and, in accordance with his plea bargain agreement with the State, the trial
court deferred adjudication of guilt and placed appellant on community supervision
for five years and assessed a $250 fine. 

 The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded true. Contemporaneously with his plea of true, appellant, appellant's
counsel, and the prosecutor signed a document styled stipulation of evidence that
included a judicial confession, and waiver of constitutional rights . The stipulation
included among others, the following statements: 

 I judicially confess that it is true that I violated the terms
and conditions of my probation and that the allegations in
the attached State's motion are true.


 I intend to enter a plea of true to the State's motion. 


 As part of my agreement with the prosecutor to plead true,
I agree to waive any right to appeal I may have concerning
any issue or claim in this case, including my plea of true or
admission of guilt.


 Appellant wrote his initials beside each of the statements. After a hearing, the
trial court found to be true the State's allegation that appellant had violated the
conditions of his community supervision, and found appellant guilty of the original
charge. The trial court sentenced him to confinement for five years and assessed a
$250 fine. Appellant filed a pro se notice of appeal.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of her right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel's brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27(Tex. Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (2) 

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Hon. Devon Anderson presided. Trial counsel were Juan Contreras, Jr. for
appellant and M. Peneguy for the State. Angela Cameron filed the Anders
brief.
2. Appointed counsel still has a duty to inform appellant of the result of this
appeal and that she may, on her own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005).